UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MAURICE LENNELL WEATHERSPOON,

Petitioner,

v.

LOUIS STENDER,

Respondent.

Civil File No. 00-1300 (MJD/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

On January 4, 1999, Petitioner was convicted in the state district court for St. Louis County, Minnesota, on charges of first degree criminal sexual conduct and making terroristic threats. He was sentenced to 110 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Moose Lake, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-4.)

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JUN 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following his conviction, Petitioner filed an appeal with the Minnesota Court of Appeals, claiming that (1) his trial was scheduled and conducted outside of the time limits prescribed by the Interstate Agreement on Detainers Act, ("IAD"), and (2) there was insufficient evidence to support his conviction. The Court of Appeals rejected both of Petitioner's claims and affirmed his conviction. State v. Weatherspoon, No. C6-99-582 (Minn.App. 2000), 2000 WL 228413 (unpublished opinion). On April 25, 2000, the Minnesota Supreme Court denied Petitioner's request for further review. (Petition, p. (3), ¶ 9(e).)

On May 22, 2000, Petitioner filed his current application for federal habeas corpus relief under 28 U.S.C. § 2254. The instant petition sets forth three grounds for relief: (1) that Petitioner's conviction was "obtained by a violation of the protection against double jeopardy;"[2] (2) that Petitioner's conviction was obtained in violation of the IAD, because his trial was not scheduled and conducted in a timely manner; and (3) that Petitioner received ineffective assistance of counsel, because his "substitute attorney" did not assert Petitioner's speedy trial rights. None of Petitioner's claims can be entertained at this time, however, because the first and third grounds for relief have never been raised in any state court proceeding. It will therefore be recommended that the instant petition be dismissed for non-exhaustion of state court remedies.

---

[2] Petitioner has offered no facts whatsoever in support of this first claim for relief. Therefore, even if the instant petition could be entertained on the merits, Petitioner could not be granted relief on his conclusory double jeopardy claim. See Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987) (to state an actionable habeas claim, a petitioner "must allege sufficient facts to establish a constitutional claim[;] [m]ere conclusory allegations will not suffice"), cert. denied, 484 U.S. 1074 (1988).

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, only Petitioner's IAD/speedy trial claim has been addressed by Minnesota's highest state court. Petitioner's other two claims -- double jeopardy and ineffective assistance of counsel -- are clearly "unexhausted," as they have never been

presented to any Minnesota state court. Because federal courts will not entertain habeas petitions that contain such unexhausted claims, the instant petition is subject to summary dismissal under Rule 4.

The Court cannot determine, based on the present record, whether there are any remedies still available under Minnesota state law for the claims that Petitioner is attempting to raise in his current petition.[3] The Court will therefore give Petitioner the benefit of the doubt, and recommend that his petition be dismissed without prejudice. That will allow Petitioner to return to the state courts and attempt to exhaust the two currently unexhausted claims that he has tried to present here.[4] Petitioner may return to federal court -- if necessary -- after Minnesota's Court of Appeals and Supreme Court have reviewed, and ruled on the merits of, all of the claims that he seeks to present in federal

---

[3] Petitioner might still be able to raise his double jeopardy and ineffective assistance claims in a state post-conviction motion brought under Minn. Stat. § 590.01 et seq. (Petitioner's unexplained reference to "newly discovered evidence," [Petition, p. (6), ¶ 13], suggests a possible basis for seeking post-conviction relief.) If he pursues that option, however, he should bear in mind that he will not satisfy the exhaustion requirement unless he also pursues every available avenue of appellate review, (if relief is not granted by the trial court). See O'Sullivan, 119 S.Ct. at 1732 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

[4] If Petitioner does hereafter attempt to exhaust his state court remedies with respect to his double jeopardy and ineffective assistance claims, he will have to convince the state courts to decide those claims on the merits. If the state courts dismiss his claims because of procedural flaws, without addressing the substantive legal issues presented, Petitioner will be barred from seeking federal habeas corpus relief under the doctrine of procedural default, (unless he can show cause and prejudice). See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

court. See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

DATED: June 2, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the

objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.